544

Before: HUG, SCHROEDER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Thomas J. Larios appeals the judgment of the district court following a bench trial in favor of the County Sheriff and the County of Yuma (together, the "County") with respect to his claims filed under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. We affirm.

▉ The district court did not err when it concluded that Larios was not a "qualified individual with a disability" under the ADA because his impairments did not substantially limit one or more of his major life activities. While Larios' impairments may have prevented him from working as a Security Control Officer, he did not show that they prevented him from working in a broad class of jobs as required by *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). He failed to establish that his impairments prevented or severely restricted him from performing the variety of manual tasks central to most people's daily lives. *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198, 200–01, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). And he failed to show that his impairments substantially limited any other major life activity such as walking, seeing, hearing, or caring for himself. *See id.* at 195, 122 S.Ct. 681 (citing 45 C.F.R. § 84.3(j)(2)(ii)).

▉ The district court also concluded that, even if Larios were a qualified individual with a disability under the ADA, he failed to show that the County denied him reasonable accommodation. Larios did not

** This disposition is not appropriate for publi-

challenge this conclusion on appeal and therefore waived any opposition to it. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999). Even if we were to reach the merits of this issue, the County did not deny Larios reasonable accommodation. As the district court correctly found, there were other jobs available with the County that Larios could have undertaken despite his alleged disability that he chose not to pursue. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir.2002) ("An employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation.") (quoting *E.E.O.C. v. Yellow Freight Sys. Inc.*, 253 F.3d 943, 951 (7th Cir.2001) (en banc)).

Accordingly, Larios has failed to show any error in the judgment of the district court.

**AFFIRMED.**

Debbie C. FARIA, Plaintiff–Appellant,

v.

cation and is not precedent except as provid-

Michael J. **ASTRUE**,\* Commissioner,
**Social Security Administration,**
**Defendant–Appellee.**

**No. 06–15647.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2008.

Filed Feb. 1, 2008.

Harvey P. Sackett, Esq., Sackett & Associates, A Professional Law Corp., San Jose, CA, for Plaintiff–Appellant.

Sara Winslow, Esq., USSF—Office of the U.S. Attorney, Jacqueline A. Forslund, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, SCHROEDER, and CLIFTON, Circuit Judges.

**MEMORANDUM** \*\*

We AFFIRM on the basis of the district court's reasoning in its order dated January 5, 2006.

ed by 9th Cir. R. 36–3.

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

John **SNEED**, Plaintiff–Appellee,

v.

G. **CHASE**, Dr.; et al., Defendants–
**Appellants.**

**No. 06–15833.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 17, 2008.

Filed Feb. 1, 2008.

Cal J. Potter, III, Esq., John C. Funk, Esq., Potter Law Offices, PC, Las Vegas, NV, for Plaintiff–Appellee.

Brian Sandoval, Esq., AGNV–Office of the Nevada Attorney General, Carson City, NV, J.M. Howard, for Defendants–Appellants.

Before: WALLACE, SCHROEDER, and CLIFTON, Circuit Judges.

**MEMORANDUM** \*

Defendants Dr. Georgene Chase, Dr. Ted D'Amico, and Sheryl Foster appeal the district court's denial of their motion for summary judgment. We dismiss for lack of jurisdiction.

Defendants' appeal challenges the district court's determination that genuine is-

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.